IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ROSCOE CHAMBERS, | ) Case No. 4:15-cv-00468-SMR |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES OF AMERICA, | ) ORDER |
| Respondent. | ) |

On December 21, 2015, Roscoe Chambers filed a Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255. [ECF No. 1]. Chambers challenges his conviction and sentence in *United States v. Chambers*, 3:12-cr-00071-SMR-TJS (S.D. Iowa), and the Court takes judicial notice of that case.[1] In its initial review, the Court dismissed all of Chambers' claims with the sole exception of his claim based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). [ECF No. 12]. Upon further review and after consideration of Chambers' reply brief, [ECF No. 28], the Court determines Chambers is not entitled to relief under *Johnson*.

In *Johnson*, the Supreme Court invalidated the section of the Armed Career Criminal Act (ACCA) that describes a "violent felony" as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. at 2557–58 (finding the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) to be unconstitutionally vague). Chambers was not sentenced under the ACCA, but received a sentencing enhancement for committing two "crimes

---

[1] For purposes of this Order, the Court will use [Crim. ECF No.] to refer to entries on the criminal docket in 3:12-cr-00071-SMR-TJS.

of violence" under the career offender guideline, USSG §4B1.1(a) (2012). [Crim. Docket ECF No. 181 at 9 ¶ 34].

Under USSG §4B1.1(a), a defendant is categorized as a "career offender" and subject to a guideline enhancement if "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." The guidelines then define "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that -- (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG §4B1.2.

At sentencing, the Court found Chambers was subject to the career offender guideline enhancement based on his 1999 Illinois conviction for armed robbery and his 2000 Illinois conviction for burglary. [Crim ECF No. 201 at 26–28].

Chambers now argues the Court erred by relying on the 2000 Illinois burglary conviction. In order to agree with Chambers, the Court would need to decide several difficult issues in his favor, including whether the holding of *Johnson* applies equally to enhancements under the guidelines and whether circuit law holding Illinois burglary convictions always qualify as crimes of violence is still binding in light of intervening United States Supreme Court decisions.

The Court need not decide these issues, though, because Chambers has two qualifying convictions outside his burglary conviction. First is his 1999 Illinois conviction for armed robbery; second is his 2000 Illinois conviction for possession with intent to deliver/delivery of cannabis, a felony punishable by imprisonment of not less than one year. [Crim ECF Nos. 62 (21 U.S.C. § 851 notice of prior conviction); 201 at 19 (Court's sentencing finding that 2000 drug conviction was a qualifying drug felony)]; Gov't Sentencing Exhibits 1 (record of 2000 Illinois drug conviction).

The Government relied upon the 2000 Illinois drug conviction to enhance Chambers' sentence under 21 U.S.C. §§ 841 and 851 and that conviction also serves to qualify Chambers as a career offender under the guidelines. *See United States v. Quiroga*, 554 F.3d 1150, 1158 (8th Cir. 2009) (holding it is permissible to "double-count" controlled substance violation to increase statutory penalty under 21 U.S.C. §§ 841 and 851 and classify defendant as career offender under USSG §4B1.1). Any error in relying upon the burglary conviction therefore is harmless.

Chambers' Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255, [ECF No. 1], is DENIED.

IT IS SO ORDERED.

Dated this 14th day of July, 2016.

_____
STEPHANIE M. ROSE, JUDGE
UNITED STATES DISTRICT COURT